**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATHENAHEALTH, INC.,<br>Plaintiff,<br>v.<br>VETERANS MEMORIAL HOSPITAL,<br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

1. This is a declaratory judgment action regarding the validity and enforceability of contractual provisions in a contract between Plaintiff athenahealth, Inc. ("Athena") and Defendant Veterans Memorial Hospital ("Veterans"). Veterans is an Iowa hospital that contracted to use Athena's cloud-based electronic health records and revenue cycle management services. The parties' contract allocated risk between them by explicitly limiting the types and amount of damages that Veterans could recover from Athena.

2. Specifically, the contract precludes Veterans from recovering consequential, incidental, or special damages, and from recovering lost profits. It also specifically limits Athena's liability to the total amount that Athena was paid by Veterans during the preceding twelve months. The contract provides that it is governed by Massachusetts law, and it includes a forum selection clause designating Massachusetts as the exclusive forum for any proceeding arising out of, or in connection with, the contract.

3. Athena brings this action for declaratory relief for the purpose of establishing that Massachusetts is the exclusive forum for any dispute relating to the parties' contractual

relationship, and that Massachusetts law governs the parties' contract. Athena also brings this action to establish that the contractual limitations on liability in the parties' contract are valid and enforceable.

**PARTIES**

4. Plaintiff Athena is incorporated under the laws of the State of Delaware, with its principal place of business located at 311 Arsenal Street, Watertown, Massachusetts, 02472.

5. Defendant Veterans is an Iowa municipal hospital organized under the laws of the State of Iowa, with its principal place of business located at 40 First Street SE, Waukon, Iowa, 52172.

**JURISDICTION**

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Athena is a citizen of the State of Delaware and the Commonwealth of Massachusetts. Veterans is a citizen of the State of Iowa.

8. Veterans has demanded that Athena pay $4 million in damages whereas Athena is seeking declaratory relief to establish, among other things, that any damages are limited by contract to less than $53,117.58. Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and also because the parties' contract contains a forum selection clause naming this Court as the exclusive venue

for any federal court proceeding between the parties arising out of, or in connection with, the parties' contract.

10. Veterans is subject to the personal jurisdiction of this Court because it explicitly consented and agreed to be subject to this Court's personal jurisdiction under the parties' contract.

## FACTUAL BACKGROUND

### *Athena's Relationship with Veterans*

11. Athena is an innovative healthcare information technology company that works with hospitals and ambulatory clients to offer network-based medical record, revenue cycle, patient engagement, care coordination, and population health services.

12. In January 2015, Athena acquired a company called RazorInsights LLC ("Razor").

13. At the time Athena acquired Razor, Razor had existing contracts with a number of hospitals – including Veterans – to provide cloud based electronic health records ("EHR") services.

14. Prior to contracting with Athena, Veterans used Razor for managing its EHR and a company called Healthland, Inc. ("Healthland") for medical billing.

15. In December 2015, Athena representatives met with Veterans in Iowa to discuss transitioning Veterans to Athena's platform from Razor's platform.

16. Veterans agreed during its initial meetings with Athena to engage Athena to provide both EHR management through the "athenaClinicals" service and medical billing through the "athenaCollector" service. Both athenaClinicals and athenaCollector are provided through Athena's cloud-based "athenaNet" application.

17. Veterans planned to transition to athenaClinicals as soon as possible after agreeing to transition to the Athena platform, but Athena agreed that Veterans could transition its billing functions to athenaCollector at a later date. Athena consistently told Veterans, however, that it would be required to transition to athenaCollector by the end of 2016 or first quarter of 2017.

***The Master Services Agreement***

18. Almost immediately after their December 2015 meeting, Veterans and Athena entered into the contract at issue, the Master Services Agreement (the "MSA" or "Agreement"), on December 22, 2015. A true and correct copy of the MSA is attached as Exhibit A.

19. The MSA consists not only of Athena's standard terms, but also a customized amendment drafted specifically for hospital clients like Veterans that were transitioning to Athena from contracts with Razor. The amendment both adds terms to the MSA language and deletes other provisions. Exhibit A (amendment to MSA).

20. The MSA incorporates by reference a Service Proposal setting forth the fees payable by Veterans for use of athenaNet services. Exhibit A § 1. A true and correct copy of the Service Proposal is attached as Exhibit B.

21. The MSA also incorporates by reference the Service Description, which is the then-current version of a document periodically updated by Athena containing a description of athenaNet services. Exhibit A § 1. A true and correct copy of the Service Description in effect at the time Veterans executed the MSA is attached as Exhibit C.

22. Together the MSA (as amended), the Service Proposal, and the Service Description constitute the entire contract between Athena and Veterans relating to the provision of athenaNet services.

23. The MSA contains an explicit integration clause stating: "This Agreement constitutes the entire agreement between the Parties relating to athenaNet Services and supersedes all prior agreements, understandings, and representations relating to athenaNet Services. No change in this Agreement will be effective or binding unless signed by Client and a duly authorized officer of Athena." Exhibit A § 14.

24. The MSA defines "athenaNet Services" to mean all services provided by Athena to Veterans under the Agreement. The term athenaNet Services includes both the athenaClinicals service and the athenaCollector service.

25. At the time of contracting, Veterans was a sophisticated party with more than $16 million in annual revenue, and experience entering into software contracts with other vendors, including Razor and Healthland.

26. Veterans had the opportunity to negotiate the MSA and enjoyed equal bargaining power with Athena.

27. The MSA was signed by Veterans' Chief Executive Officer, Michael Myers. Mr. Myers has been CEO of Veterans for more than 20 years, and at the time the MSA was executed he was Chair of the Board of Trustees of the Iowa Hospital Association.

28. The MSA contains a choice of law provision stating: "This Agreement will be governed by the laws of the Commonwealth of Massachusetts applicable to agreements made and to be performed wholly within Massachusetts, without regard to its conflicts of laws principles." Exhibit A § 12.

29. The MSA also contains a forum selection clause stating: "The Federal District Court for the District of Massachusetts or the business litigation section of the state superior court of Massachusetts will be the exclusive venue for any court proceeding between the Parties

arising out of, or in connection with, this Agreement. The parties hereby submit to and consent irrevocably to the jurisdiction of such courts for these purposes." *Id.*

30. The MSA allocates risk between the parties through several explicit limitations on liability.

31. Section 8 of the MSA – titled "Warranties and Limitations" – contains conspicuous provisions expressly limiting Athena's liability and limiting the damages Veterans' can recover against Athena, including the following:

a. Section 8(b) states: "Except as expressly provided herein, Athena undertakes no obligation to provide error-free or fault-free items or services, and athenaNet Services are provided 'as is' with all faults and defects." Exhibit A § 8(b).

b. Section 8(b) also expressly disclaims any warranties or representations, stating in conspicuous, capitalized font: "EXCEPT AS EXPRESSLY PROVIDED HEREIN, ATHENA DISCLAIMS ALL REPRESENTATIONS AND WARRANTIES OF ANY KIND OR NATURE, EXPRESS OR IMPLIED (EITHER IN FACT OR BY OPERATION OF LAW), WITH RESPECT TO ANY SERVICE OR ITEM PROVIDED HEREUNDER." Exhibit A § 8(b).

c. Section 8(c) creates a one-year limitation period for any claims against Athena: "No claim against Athena for any kind under any circumstances will be filed more than one year after Client knows of, or in the exercise of reasonable care could know of, such claim or an act or omission of Athena that would give rise to such claim." Exhibit A § 8(c).

d. The potential damages that Veterans can seek from Athena are expressly capped by Section 8(e) of the MSA, which states: "Athena's cumulative, aggregate

liability in connection with or arising in any way or in any degree from this Agreement, from athenaNet Services, or otherwise from the acts or omissions of Athena under any and all legal theories will not exceed the lesser of (i) $500,000 or (ii) the total amount paid by Client to Athena in the 12 months before such claim arose." Exhibit A § 8(e).

e. Additional limitations on damages are highlighted in Section 8(e) of the MSA in conspicuous, capitalized font: "ATHENA WILL NOT BE LIABLE UNDER ANY LEGAL THEORY FOR INDIRECT, EXEMPLARY, PUNITIVE, SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES OR LOSSES; LOST PROFITS FOR BUSINESS OPPORTUNITIES; OR THE COST OF PROCUREMENT OF SUBSTITUTE ITEMS OR SERVICES." Exhibit A § 8(e).

f. Section 8(e) further provides that Veterans "hereby acknowledges that the remedies set forth above are reasonable and will not fail of their essential purpose." Exhibit A § 8(e).

32. The above referenced Sections 8(b), (c), and (e) of the MSA are referred to collectively hereinafter as the "Contractual Limitations."

***Veterans' Brief Use of Athena's Services***

33. Veterans began using (or "went live" on) the athenaCollector service on March 7, 2017.

34. After just a few months using athenaCollector, Veterans terminated its contract with Athena on August 24, 2017, and returned to its prior billing vendor.

35. In his letter terminating the contract, Veterans' CEO Mr. Myers praised athenaClinicals, stating "I believe your clinical package has many benefits to using it." And although Mr. Myers expressed dissatisfaction with athenaCollector, he commended the efforts of

Athena's employees in attempting to assist Veterans with its implementation: "I greatly appreciate the efforts of your entire team in working with us. You have some outstanding individuals associated with the organization. It has been a pleasure interacting with you and with them."

36. For the entirety of the period covered by the parties' Agreement, Veterans paid Athena a total of $53,117.58.

***Veterans Demands Millions from Athena and Files a Lawsuit in Iowa***

37. On July 5, 2018, nearly a year after Veterans amicably terminated its contract with Athena, Athena received a demand letter from Veterans' counsel accusing Athena of "[b]reaches of obligations owed to Veterans." The letter demanded $4 million from Athena for damages Veterans claims to have incurred from using athenaCollector for five months, and demanded that payment be made within eight days.

38. When Athena did not comply with that demand, Veterans filed a lawsuit in Iowa state court asserting claims for breach of contract and various business torts.

39. That lawsuit was voluntarily dismissed without prejudice to allow the parties to attempt mediation, as pre-suit mediation is required by the MSA. Exhibit A § 11.

40. Although a mediation has occurred, the dispute remains unresolved.

41. Athena anticipates that Veterans will re-file a complaint alleging breach of contract and various torts. Athena also anticipates that Veterans will again initiate litigation in Iowa state court – in direct violation of the MSA's forum selection clause – in an effort to gain a procedural advantage.

**COUNT I**
**(Declaratory Judgment Regarding Choice of Law and Forum Selection Clause)**

42. Plaintiff re-alleges and incorporates paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. There exists between the parties to this action an actual justiciable controversy concerning the matters alleged in the Complaint.

44. The Agreement contains a choice of law clause providing that the Agreement is governed by Massachusetts law, and a forum selection clause providing that Massachusetts courts shall be the exclusive forum for any court proceeding arising out of, or in connection with, the Agreement.

45. Despite the forum selection clause, Veterans previously filed a lawsuit in Iowa state court asserting claims for breach of contract and various torts. That lawsuit was dismissed voluntarily without prejudice.

46. Athena anticipates that Veterans will once again initiate litigation in Iowa in violation of the forum selection clause. Athena also anticipates that Veterans will assert that Iowa law rather than Massachusetts law applies to some or all of is claims.

47. Athena seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the choice of law provision in the Agreement is valid and enforceable, and that the Agreement is governed by Massachusetts law.

48. Athena further seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the forum selection clause in the Agreement is valid and enforceable, and that all claims arising out of, or in connection with, the Agreement are subject to the exclusive jurisdiction of the Federal District Court for the District of Massachusetts or the Business Litigation Session of the Massachusetts Superior Court.

**COUNT II**
**(Declaratory Judgment Regarding Contractual Limitations)**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. There exists between the parties to this action an actual justiciable controversy concerning the matters alleged in the Complaint.

51. The Contractual Limitations in the parties' Agreement limit the claims that Veterans can assert against Athena and the damages that Veterans can recover.

52. Despite the Contractual Limitations, Veterans has demanded that Athena pay $4 million in purported damages in connection with the services Athena provided pursuant to the parties' Agreement.

53. Athena seeks a declaratory judgment pursuant to 28 U.SC. § 2201 that the Contractual Limitations are valid and enforceable.

54. Athena further seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Contractual Limitations are applicable to all claims by Veterans against Athena relating to the parties' relationship and/or the provision of athenaNet services.

55. Athena further seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that, pursuant to the Contractual Limitations, Athena is not liable for any indirect, exemplary, punitive, special, incidental, or consequential damages, nor is Athena liable for any lost profits or business opportunities, nor the cost of procurement of substitute items or services.

56. Athena further seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that, pursuant to the Contractual limitations, Athena's liability is capped at the total amount paid to Athena by Veterans in the twelve months before Veterans' claims arose, and that in no event can

Athena be liable for more than the $53,117.58 that Veterans paid over the entirety of the parties' relationship under the Agreement.

57. Athena further seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the integration clause contained in Section 14 of the Agreement is valid and enforceable.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Enter judgment in Plaintiff's favor on all counts;

b. Declare that the choice of law provision in Section 12 of the Agreement is valid and enforceable, and that Massachusetts law governs the Agreement;

c. Declare that the forum selection clause in Section 12 of the Agreement is valid and enforceable, and that all claims arising out of, or in connection with, the Agreement are subject to the exclusive jurisdiction of the Federal District Court for the District of Massachusetts or the Business Litigation Session of the Massachusetts Superior Court;

d. Declare that the Contractual Limitations in Section 8 of the Agreement are valid and enforceable;

e. Declare that the Contractual Limitations in Section 8 of the Agreement are applicable to all claims by Veterans against Athena relating to the parties' relationship and/or the provision of athenaNet services;

f. Declare that, under the Contractual Limitations in Section 8 of the Agreement, Athena is not liable for any indirect, exemplary, punitive, special, incidental, or consequential damages, nor is Athena liable for any lost profits or business opportunities, nor the cost of procurement of substitute items or services;

g. Declare that, under the Contractual Limitations in Section 8 of the Agreement, Athena's liability for claims by Veterans is capped at the total amount paid to Athena by Veterans in the twelve months before Veterans' claims arose, and that in no event can Athena be liable for more than the $53,117.58 that Veterans paid over the entirety of the parties' relationship under the Agreement;

h. Declare that the integration clause contained in Section 14 of the Agreement is valid and enforceable;

i. Award Athena its costs and attorneys' fees; and

j. Grant such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all claims and issues so triable.

RESPECTFULLY SUBMITTED,

ATHENAHEALTH, INC.

By its Attorneys,

/s/ Ryan P. McManus

Ryan P. McManus, BBO #673219
HEMENWAY & BARNES LLP
75 State Street
Boston, MA 02109
(617) 227-7940
rmcmanus@hembar.com

Dated: November 7, 2018